UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B‌RANDON R‌ICHARDS,

Petitioner,

v.

F‌EDERAL B‌UREAU O‌F P‌RISONS,

Respondent.
_____/

Case No. 2:15 cv 13298

U‌NITED S‌TATES D‌ISTRICT C‌OURT J‌UDGE
G‌ERSHWIN A. D‌RAIN

U‌NITED S‌TATES M‌AGISTRATE J‌UDGE
E‌LIZABETH A. S‌TAFFORD

**O‌PINION A‌ND O‌RDER S‌UMMARILY D‌ISMISSING P‌ETITION F‌OR W‌RIT O‌F H‌ABEAS C‌ORPUS [1]**

**I. I‌NTRODUCTION**

Petitioner Brandon Richards is a federal prisoner residing at a residential reentry center in Milan, Michigan. He is scheduled to be released from the center on October 8, 2015.

Petitioner filed this action under 28 U.S.C. § 2241, asserting that on August 30, 2015, he was written an Incident Report for Refusal and Threatening with Bodily Injury by a staff member at the reentry center. As a result of the report, Petitioner claims that he was restricted to the center and was not allowed to continue employment he had obtained outside the center.

**II. D‌ISCUSSION**

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). Where a prisoner is challenging the fact or duration of his physical imprisonment and relief would require a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).

Claims that challenge the conditions of a prisoner's confinement fall outside of the "core" of habeas corpus, *Nelson v. Campbell*, 541 U.S. 637, 643 (2004), and are not cognizable in a habeas action brought pursuant to 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) ("§ 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement."); *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). A federal inmate like Petitioner may, however, bring claims challenging the conditions of his confinement under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Richmond v. Schibana*, 387 F.3d 602, 605 (7th Cir. 2004) (federal prisoner's challenge to rules affecting his placement in community confinement cannot be brought under § 2241).

Although pro se litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Where, as here, claims about conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a *Bivens* action. *Martin*, 391 F.3d at 714. Accordingly, the Court will dismiss the petition without prejudice.

### III. CONCLUSION

Based upon the foregoing, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated: September 29, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge